UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KEVIN PATRICK SMITH,
           Petitioner,

  - against -

UNITED STATES OF AMERICA,

           Respondent.
------------------------------------X

**MEMORANDUM AND ORDER**

13 Cr. 511 (NRB)
17 Civ. 7126 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In 2014, a jury found petitioner Kevin Patrick Smith ("petitioner" or "Smith") guilty of being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), but failed to reach a verdict on a second charge of attempted bank robbery. After the Government decided not to retry him on the hung count, he was sentenced to 96 months' imprisonment, followed by three years of supervised release with certain conditions.[1]

Petitioner now moves to vacate, set aside, or correct that sentence, pursuant to 28 U.S.C. § 2255. See ECF No. 86.[2] In his

---

[1] After sentencing, Smith appealed his conviction on several grounds, as well the imposition of a special condition of supervised release that restricted his access to credit. See ECF No. 73. The United States Court of Appeals for the Second Circuit affirmed this Court's judgment in large part, but vacated the imposition of the special condition and remanded for further proceedings. See United States v. Smith, 629 F. App'x 135 (2d Cir. 2015). On remand, this Court vacated the special condition and entered an amended judgment. See ECF No. 81.

[2] Citations to "ECF No." refer to documents filed on the criminal docket (13 Cr. 511) under which Smith was charged.

1

petition, Smith raised two grounds for relief. First, he argues that his sentence must be vacated because he was sentenced under a provision of the U.S. Sentencing Guidelines ("Guidelines") that is void for vagueness under Johnson v. United States, 135 S. Ct. 2551 (2015). See id. at 4. Second, without any specifics, petitioner alleges that his "appellate counsel was ineffective for failing to supplement appropriately [his] briefing in the Second Circuit."³ Id.

However, Smith's Johnson argument is foreclosed by the Supreme Court's more recent decision in Beckles v. United States, 136 S. Ct. 886 (2017). In Beckles, the Supreme Court held that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause" because they simply guide federal district courts in exercising discretion. Id. at 892.

After Beckles, this Court granted petitioner's counsel, who had been appointed to address any Johnson issue, the opportunity to pursue any other viable grounds for habeas relief on petitioner's behalf. See ECF No. 89. Counsel had difficulty reaching petitioner, see ECF No. 90, and was later notified that he "had nothing to say" to the counsel, see ECF No. 93. The Court subsequently granted the counsel's request to be relieved as

---

³ Petitioner accurately states in his petition that the decision in Johnson was announced on June 26, 2015, which was before the Second Circuit's November 3, 2015 decision on his appeal. See ECF No. 86 at 5.

2

Smith's counsel. See id. The Court has received no direct communication from petitioner since Beckles.

For the foregoing reasons, Smith's § 2255 petition is denied. Because petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


Dated: New York, New York
September 20, 2018

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE


A copy of the foregoing Memorandum and Order has been mailed on this date to:

Mr. Kevin Patrick Smith (Register No. 32952-054)
FCI Allenwood Medium
Federal Correctional Institution
P.O. BOX 2000
White Deer, PA 17887

3